Henry Lee **WILLIAMS–BEY**, Appellant,

v.

Myrna E. **TRICKEY**, Appellee.

No. 88–2723.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1989.

Decided Jan. 23, 1990.

Suzanne Philbrick, Oak Lawn, Ill., for appellant.

Jared Cone, Jefferson City, Mo., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Henry Lee Williams–Bey ("appellant") appeals from a final order entered in the District Court[1] for the Eastern District of Missouri denying his petition for writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254 (1982). For reversal, appellant argues that the district court erred in denying his petition because (1) he was denied effective assistance of counsel at trial, and (2) a Missouri court denied his request for post-conviction relief without making findings of fact and conclusions of law concerning his allegation that the prosecution withheld discovery. We affirm the decision of the district court for the reasons given below.

## I.

Appellant was convicted in state court of raping and sodomizing his thirteen-year-old niece on December 23, 1980, at his mother's apartment in St. Louis County, Missouri. After his conviction was affirmed on appeal, appellant filed a motion for post-conviction relief in state court pursuant to Mo.R.Crim.P. 27.26 (Vernon's 1981) (repealed and reenacted as Mo.R.Crim.P. 29.-15 (1987)). As grounds for relief, appellant claimed that (1) he was denied effective assistance of counsel by his counsel's failure to cross-examine the victim about an allegedly false report to police that appellant had raped her on another occasion, and (2) he was denied due process of law because the prosecution failed to disclose until the morning of trial a written admission by the appellant that he had sexual relations with the victim in New York. After an evidentiary hearing, the trial court denied appellant's allegation of ineffective assistance of counsel but failed to address appellant's contention that the prosecution withheld discovery. The Missouri Court of Appeals affirmed the decision of the trial court, holding, *inter alia*, that the trial court was not required to make findings on appellant's assertion that the prosecution withheld discovery because appellant failed to present substantive evidence to support the allegation. *Williams v. State*, 736 S.W.2d 509, 510 (Mo.Ct.App.1987).

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

Appellant then filed this petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254. As grounds for relief, appellant reasserted his allegation of ineffective assistance of counsel and claimed that the Missouri courts erroneously failed to address his allegation that the prosecution withheld discovery. The district court denied his petition. This appeal followed.

## II.

■ We turn first to appellant's assertion that he is entitled to post-conviction relief because defense counsel failed to cross-examine the victim about her report to the police that appellant raped and sodomized her on January 16, 1981. Appellant argues that his only chance of acquittal was to show that the victim had fabricated the rape at the urging of her two aunts. Appellant wanted the jury to hear that the victim first told the police the rape occurred on January 16, 1981, in New York, but later reported it occurred on December 23, 1980, in St. Louis. Apparently appellant was prepared to show that he could not possibly have raped her on January 16, 1981. At trial, the victim testified on direct examination that she was not surprised by the December 23rd incident because it had happened before. In response to a question from defense counsel on cross-examination, the victim testified the rape occurred "every day." Rather than bring up the earlier report to the police about the January 16th incident, defense counsel pressed the victim on whether she was sure it occurred on December 23rd. Defense counsel then attempted to show the jury that the crime could not possibly have occurred on that date and at the location claimed by the victim.

To prevail on a claim of ineffective assistance of counsel, appellant must show that (1) his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and (2) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v.*

*Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Matters of trial strategy and tactics generally do not constitute ineffective assistance of counsel, unless a tactical choice is wholly without reason. *Riley v. Wyrick*, 712 F.2d 382, 385 (8th Cir.1983); *Comer v. Parratt*, 674 F.2d 734, 736–37 (8th Cir.), *cert. denied*, 459 U.S. 856, 103 S.Ct. 125, 74 L.Ed.2d 108 (1982).

We agree with the district court that defense counsel's decision not to cross-examine the victim on her report to police about a sexual assault on a different occasion than the one with which appellant stood trial was a reasonable and well-founded strategic decision that does not rise to the level of inadequate assistance of counsel. At the evidentiary hearing on appellant's Rule 27.26 motion, defense counsel explained her decision not to cross-examine the victim about her report to the police that the rape occurred on January 16, 1981: "I didn't want to open the door to any other incident other than the incident with which [appellant] was charged." At the time the victim testified, appellant's motion to suppress his admission to police that he had sex with the victim in New York had not yet been ruled upon by the trial judge. Therefore, as the district court noted, the only evidence before the jury at the time of the victim's testimony regarding other incidents of sexual abuse was that supplied by the victim on direct examination. Defense counsel feared that opening the door to other incidents of sexual assault would allow the prosecution to introduce extrinsic evidence of such incidents which only would have created sympathy for the victim and animosity toward appellant. This was a reasonable, tactical decision by defense counsel given the circumstances known to her at the time. *See Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. at 2065 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Therefore, we reject appellant's claim that he is

entitled to post-conviction relief on account of his attorney's performance at trial.

## III.

 We disagree with appellant's assertion that the failure of the post-conviction court to make findings on an alleged breach of discovery by the prosecution is cognizable in a federal habeas petition under 28 U.S.C. § 2254. Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.) (alleged denial of effective assistance of counsel at Rule 27.-26 hearing is not cognizable under § 2254), *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition. *Williams v. State of Missouri*, 640 F.2d 140, 143 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Habeas relief is available to a state prisoner "only on the ground that he is *in custody* in violation of the constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Appellant's claim that the Missouri post-conviction court failed to make findings concerning his allegation that the prosecution withheld discovery is collateral to appellant's conviction and detention, and is therefore not cognizable in a 28 U.S.C. § 2254 petition.

The district court's denial of appellant's petition for habeas relief is hereby affirmed.