Roger Roy NOLAN, Plaintiff–Appellant,

v.

Bill ARMONTROUT, Defendant–Appellee.

No. 91–2379.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1992.

Decided Aug. 19, 1992.

LOKEN, Circuit Judge.

Roger Roy Nolan, who is serving a life sentence for killing a kidnap victim, appeals the denial of his petition for a writ of habeas corpus. Nolan argues that the district court[1] erred in ruling that two of his habeas claims are procedurally barred and that ineffective assistance of counsel did not taint his guilty plea. We affirm.

## I.

Following his conviction, Nolan unsuccessfully sought state post-conviction relief but failed to exhaust his state remedies as to two claims he seeks to raise in this federal habeas action, referred to as claim four and claim five. He raised claim four in the state trial court but failed to preserve it on appeal; he did not raise claim five at all. In an earlier decision, we held that exhaustion would now be futile and remanded for a determination of whether Nolan could show cause and prejudice that would excuse this procedural bar. *See Nolan v. Armontrout*, No. 88–1314, 889 F.2d 1090 (Table) (8th Cir. July 10, 1989) (unpublished).

On remand, the district court held that both claims are procedurally barred because Nolan has shown neither cause nor prejudice. The court then rejected Nolan's remaining claims on the merits, concluding that he had not received erroneous parole advice prior to pleading guilty, that counsel had been frank with him as to the admissibility of his confessions, and that he had waived his right to contest suppression issues by pleading guilty.

## II.

Nolan first argues that the ineffective assistance of his state court post-conviction counsel was adequate cause for his procedural defaults. In *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), the Supreme Court broadly stated:

Jeanene Moenckmeier, St. Louis, Mo., argued, for plaintiff-appellant.

Stephen D. Hawke, Jefferson City, Mo., argued, for defendant-appellee.

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

---

1. The HONORABLE WILLIAM R. COLLINSON, United States Senior District Judge for the West- ern District of Missouri.

There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. Coleman contends that it was his attorney's error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective, therefore Coleman must "bear the risk of attorney error that results in a procedural default."

(citations omitted). The Court explained that "cause" must be something *external* to the habeas petitioner. Only when counsel's performance violates the petitioner's constitutional right to effective assistance does it become "an external factor, i.e., 'imputed to the State.'" —— U.S. at ——, 111 S.Ct. at 2567 (citation omitted).

Nolan concedes that claim four, the one he failed to appeal, is squarely barred under *Coleman*. *See Grubbs v. Delo*, 948 F.2d 1459, 1467–68 (8th Cir.1991), *pet'n for cert. filed*, No. 91–8129 (Apr. 30, 1992). However, he argues that claim five is not barred because ineffective assistance of post-conviction counsel is sufficient "cause" to excuse failure to raise a claim when the post-conviction forum is the first opportunity to raise that claim.

■Nolan correctly notes that *Coleman* left this issue undecided, —— U.S. at ——, 111 S.Ct. at 2567–68, although the above-quoted language leaves us little doubt how the Supreme Court would decide the question.[2] In any event, we have previously noted that there is no right to counsel in a post-conviction proceeding that is the first available forum for a claim. *See Henderson v. Sargent*, 926 F.2d 706, 710 n. 7, *amended on reh'g*, 939 F.2d 586 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 915, 116 L.Ed.2d 815 (1992). Therefore, even if Nolan's state post-conviction proceeding was the first time he could raise claim five, we hold that his counsel's failure to do so may not excuse the procedural

default. *See Johnson v. Lockhart*, 944 F.2d 388 (8th Cir.1991); *Schlup v. Armontrout*, 941 F.2d 631, 639 n. 9 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1273, 117 L.Ed.2d 499 (1992).

■ Alternatively, Nolan argues that the "miscarriage of justice" exception to the cause-and-prejudice standard applies here, because only involuntary confessions supported the State's charge of murder. As the Supreme Court recently confirmed, this narrow exception "is concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, —— U.S. ——, ——, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). Nolan argues that his confessions were the State's only evidence that the victim's death resulted from murder and that the confessions were induced by false promises of leniency. That is a claim of legal innocence. Therefore, this is not "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). *See also McCleskey v. Zant*, —— U.S. ——, —— – ——, 111 S.Ct. 1454, 1474–75, 113 L.Ed.2d 517 (1991).

■ Nolan next contends that his trial counsel was ineffective in advising him that if he pleaded guilty he would be eligible for parole in five or six years. Inaccurate parole advice may support a claim of ineffective assistance of counsel. Nolan must show "actual ineffectiveness" as defined in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and that he "pleaded guilty as a direct consequence of his counsel's erroneous advice and ... but for this advice, the outcome of the plea process would have been different." *Garmon v. Lockhart*, 938 F.2d 120, 121 (8th Cir.1991) (citation omitted).

---

**2.** *See Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989), in which the plurality determined that death row inmates have no right to appointed post-conviction counsel, despite the dissent's caution that this is the first

forum for many inmates' claims. *See also Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

■ Following an evidentiary hearing at which both Nolan and his trial counsel testified, the state post-conviction trial court found that Nolan did not believe he would only serve five years, that Nolan's allegations of ineffective assistance were "refuted repeatedly," and that the transcript of Nolan's plea hearing and the post-conviction testimony of his trial counsel "clearly show that [Nolan] was not deprived of effective assistance of counsel but in fact was very well represented." Under 28 U.S.C. § 2254(d), "factual findings rendered by the state court are presumed to be correct 'unless conditions exist which cast those findings into doubt.'" *Guinan v. Armontrout*, 909 F.2d 1224, 1228 (8th Cir.1990) (citation omitted), *cert. denied,* — U.S. ——, 111 S.Ct. 800, 112 L.Ed.2d 861 (1991). Applying the § 2254(d) presumption of correctness, we agree with the district court that Nolan has failed to prove that his guilty plea was tainted by inaccurate parole advice.[3] *See Ingrassia v. Armontrout*, 902 F.2d 1368, 1370 (8th Cir. 1990).

■ Nolan's final ineffective assistance argument is based upon his allegedly coerced confessions. A motion to suppress the confessions was pending when Nolan pleaded guilty on the eve of trial. Conceding that by pleading guilty he knowingly waived his right to a ruling on that motion, Nolan argues that the plea was tainted because his trial counsel was ineffective, first by his delay in filing the motion to suppress, which meant it was still pending on the eve of trial, and second by advising Nolan that the motion would likely be denied, in which case the trial would go badly for him. All this, Nolan contends, coerced him into accepting a highly unfavorable plea bargain.

"[A] plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney." *McMann v. Richardson*, 397 U.S. 759, 772, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). As with other ineffective assistance claims, Nolan must prove "that the behavior of counsel fell measurably below that which might be expected from an ordinary fallible lawyer." *White Hawk v. Solem*, 693 F.2d 825, 827 (8th Cir.1982), *cert. denied,* 460 U.S. 1054, 103 S.Ct. 1505, 75 L.Ed.2d 934 (1983).

Here, the motion to suppress was timely filed, and counsel intended to pursue it vigorously had Nolan not pleaded guilty. Counsel testified that he thought the motion would ultimately be only partially successful, and therefore it was useful to keep it pending as leverage in plea bargaining. The state post-conviction trial court found that the pending suppression motion was extensively reviewed at Nolan's plea hearing—Nolan knew the contents of the motion and understood that it would not be ruled upon if he elected to plead guilty, and the court advised him it would not speculate, and counsel could only speculate, as to what the ruling on that motion would be if he did not plead guilty. In these circumstances, Nolan has failed to demonstrate that his plea of guilty was tainted by ineffective assistance of counsel regarding this suppression issue.

The judgment of the district court is affirmed.

---

**3.** For example, at the plea hearing Nolan testified:

Q (counsel): Have I at anytime, Mr. Nolan, during the course of my representation with you, told you or guaranteed to you that you would make parole in a certain period of time?
A (Nolan): No.

Q: Is your plea of guilty that you're entering here today based upon something that I have told you with regard to the number of years you would have to spend before you would be able to go on parole.
A: No.