**Harrison JOLLY, Appellant,**

v.

**James A. GAMMON, Supt., Appellee.**

**No. 93–3318.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1994.

Decided June 23, 1994.

Rehearing Denied July 22, 1994.

---

Daniel P. Card II, St. Louis, MO, argued, for appellant.

Millie E. Aulbur, Asst. Atty. Gen., Jefferson City, MO, argued (Ronald L. Jurgeson, on the brief), for appellee.

Before RICHARD SHEPPARD ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Harrison Jolly appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Jolly alleges that the district court erred in concluding that his first claim was procedurally barred and that his second claim failed to allege a constitutional violation cognizable on habeas review. We affirm.

## I. BACKGROUND

Jolly entered guilty pleas to one count of first-degree robbery, one count of armed criminal action, and one count of unlawful possession of a concealed firearm. He was sentenced to two concurrent thirty-year terms on the robbery count and the armed criminal action count and a concurrent seven-year sentence on the firearm possession count. He filed no direct appeal.

Pursuant to Missouri Supreme Court Rule 24.035, Jolly filed a petition for post-conviction relief. He alleged that constitutionally ineffective assistance of trial counsel rendered his guilty pleas involuntary. The post-conviction court denied his petition, and adopted the proposed findings of fact and law submitted by the State. Jolly appealed this ruling but only on the ground that the post-conviction court's verbatim adoption of the State's proposed findings denied him due process and evidenced bias against him. The Missouri Court of Appeals for the Eastern District of Missouri found no support in the record for this contention. The court rejected Jolly's assertion of error and affirmed the denial of relief. *Jolly v. State*, 800 S.W.2d 159 (Mo.Ct.App.1990). Jolly then filed a *pro*

*se* motion to recall the appeals court mandate which was summarily denied.

Jolly filed a *pro se* petition for a writ of habeas corpus in the Federal District Court for the Eastern District of Missouri. Pursuant to 28 U.S.C. § 636(b) the case was referred to a magistrate judge[1] for review. Jolly alleged two grounds for relief: (1) that his pleas of guilty were involuntary due to the ineffective assistance of counsel; and (2) that the post-conviction court denied him due process by adopting the State's proposed findings of fact and law. The magistrate judge concluded that Jolly's first claim was procedurally barred, and that his second claim did not state a cognizable federal cause of action. Therefore, the magistrate judge recommended that Jolly's claims be denied. Jolly filed *pro se* objections to the magistrate judge's recommendations. After a *de novo* review of the petition and the record, the district court adopted the magistrate judge's recommendations.

## II. DISCUSSION

Jolly raises numerous grounds for reversal. His primary contentions are that the district court erred by concluding that his ineffective assistance of counsel claim was procedurally barred and by concluding that his due process claim was not cognizable on federal habeas review.

### 1. Ineffective Assistance of Trial Counsel

■ Jolly argues that his ineffective assistance of trial counsel claim was not procedurally barred. He makes alternative claims that: his state habeas appeal, though unartfully drawn, did not default his ineffective assistance claim; his motion to recall the mandate lifted any procedural bar; he demonstrated cause and prejudice to overcome any procedural bar; and that he made a colorable showing of actual innocence.

After a review of the record and pleadings, we find that Jolly defaulted his ineffective assistance claim because he failed to raise it on post-conviction appeal. Missouri proce-

dure requires that a claim be presented "at each step of the judicial process" in order to avoid default. *Benson v. State,* 611 S.W.2d 538, 541 (Mo.Ct.App.1980). Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review. *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir.1988), cert. denied, 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989).

Relying on *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), Jolly claims that the summary denial of his motion to recall the mandate constituted a decision on the merits that lifted any procedural bar. Jolly claims that *Harris* establishes a presumption that "unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar," a procedural default does not bar consideration of a federal claim. *Harris,* 489 U.S. at 263, 109 S.Ct. at 1043 (citations omitted). However, the Supreme Court clarified the *Harris* presumption in *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Court explained:

> In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims, or to be interwoven with those claims, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition.

*Id.* at 735, 111 S.Ct. at 2557. Jolly cannot meet this test.

■ A motion to recall the mandate is not a vehicle by which a movant can raise any and all errors in appellate proceedings. *Nave v. Delo,* 22 F.3d 802, 808–809 (8th Cir.1994). Under Missouri law, recall of the mandate is available only in a narrow set of circumstances. *State v. Thompson,* 659 S.W.2d 766, 769 (Mo.1983) (en banc). Generally, such a motion is appropriate to allege ineffective assistance of counsel on direct appeal, or to allege that a decision of the Missouri Appellate Court conflicts with a de-

---

1. The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

cision of the United States Supreme Court upholding the rights of the accused. *Id.* In any case, a motion to recall the mandate is not the appropriate vehicle to raise a claim of ineffective assistance of trial counsel. *See State v. Zweifel,* 615 S.W.2d 470, 473 (Mo.Ct. App.1981). Therefore, we conclude that the summary dismissal of Jolly's motion to recall the mandate did not reach the merits of the ineffective assistance of trial counsel claim. Nor did the court's decision appear to rest on or to be interwoven with federal law. *See Coleman,* 501 U.S. at 735, 111 S.Ct. at 2557. Jolly's reliance on *Harris* is therefore misplaced. After *Coleman,* we simply cannot construe the unexplained denial of Jolly's motion to recall the mandate as opening up the merits of his previously defaulted claim. *See Byrd v. Delo,* 942 F.2d 1226, 1232 (8th Cir.1991) (interpreting unexplained denial of a Rule 91 petition).

Jolly cannot show cause and prejudice sufficient to remove the procedural bar. *Coleman,* 501 U.S. at 752–55, 111 S.Ct. at 2566–67. The only ground Jolly raises as cause for his procedural default is that his appellate post-conviction relief counsel was ineffective when she failed to preserve his claim of constitutionally ineffective assistance of trial counsel. However, absent a constitutional right to counsel, attorney error does not provide cause to overcome a procedural bar. *Id.* There is no constitutional right to effective assistance of post-conviction counsel. *Nolan v. Armontrout,* 973 F.2d 615, 617 (8th Cir.1992). Thus, counsel's failure to raise a claim on post-conviction relief cannot constitute cause for the purposes of overcoming a procedural default. *Id.*

Alternatively, Jolly claims that the "miscarriage of justice" exception to the cause-and-prejudice requirement applies because he has raised a colorable claim that he is "probably innocent" of the crime to which he pled guilty. This narrow exception in the procedural bar analysis is "concerned with actual as compared to legal innocence." *Sawyer v. Whitley,* — U.S. —, —, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). Jolly's claim that his guilty plea was induced

by his constitutionally ineffective counsel is a claim of legal innocence rather than of factual innocence. *See Nolan,* 973 F.2d at 617. Thus, Jolly's claim must fail.

**B. Due Process**

Jolly next contends that the post-conviction court deprived him of due process when it adopted the State's proposed findings of fact and law verbatim.[2] The record does not support this allegation. However, assuming arguendo that the post-conviction court did adopt the State's proposed findings verbatim, Jolly cannot prevail on this claim.

Under 28 U.S.C. § 2254, a federal court's power to review a state conviction is limited. Habeas relief is available only where errors of a constitutional magnitude have occurred. *Carter v. Armontrout,* 929 F.2d 1294, 1296 (8th Cir.1991). As support for his habeas claim, Jolly relies on the Missouri Supreme Court's criticism of the practice of adopting one party's suggested findings of law or fact. *See State v. Griffin,* 818 S.W.2d 278, 285 (Mo.1991) (en banc). However, the court's disapproval of this practice cannot convert Jolly's challenge to a proceeding collateral to his detention into a constitutional challenge of the detention itself. *See Williams–Bey v. Trickey,* 894 F.2d 314, 317 (8th Cir.1990) ("an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition"), *cert. denied,* 495 U.S. 936, 110 S.Ct. 2183, 109 L.Ed.2d 511 (1990). Indeed, Jolly himself concedes that the conduct of the state post-conviction relief court cannot constitute independent grounds for federal habeas relief. Therefore, this contention is meritless.

We have carefully considered Jolly's other assertions of error and find them to be without merit.

**III. CONCLUSION**

For the reasons stated above, the decision of the district court is affirmed.

---

**2.** It is not entirely clear that Jolly presented his due process claim to the Missouri Supreme Court in his motion to recall the mandate. How-

ever, because he filed his motion *pro se,* we read Jolly's pleadings broadly and presume that he raised this issue.