No. 95-3382

Cary Nelson Rehbein,         *
                                      *
         Appellant,       *
                                      *   Appeal from the United States
     v.                         *   District Court for the
                                       *   District of Nebraska.
Harold W. Clarke; John Dahm,   *
                                      *
         Appellees.       *

Submitted: March 12, 1996

Filed: August 27, 1996

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

BEAM, Circuit Judge.

Cary Nelson Rehbein appeals the district court's[1] dismissal of his third federal petition for a writ of habeas corpus. We affirm.

## I. BACKGROUND

In 1983, Rehbein pleaded guilty to murdering Carl Fisher during the course of a robbery. He was sentenced to life imprisonment. Rehbein did not appeal his conviction or the life sentence. Instead, in 1988, Rehbein filed a motion for postconviction relief in state court. The state district court denied relief, and the Nebraska Supreme Court affirmed the denial in State v. Rehbein, 455 N.W.2d 821 (Neb. 1990).

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

Thereafter, Rehbein filed a petition for a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254 (Rehbein I). The district court dismissed that petition without prejudice to allow Rehbein to exhaust his available state remedies. Rehbein I is not relevant to the issues in this appeal. In 1990, however, Rehbein filed a second federal habeas petition (Rehbein II). In his petition, Rehbein alleged: 1) his trial counsel was ineffective because he failed to advise and pursue an insanity defense on behalf of Rehbein; 2) his right to a direct appeal was denied due to his detention in isolation for 91 days following his conviction and sentencing; and 3) he was denied an evidentiary hearing in state court.

A hearing on Rehbein's second federal habeas petition was scheduled for March 22, 1991. The day before the hearing, however, Rehbein joined with the state in filing a joint motion for dismissal of all claims with prejudice. Attached to that motion was Rehbein's handwritten letter stating, "I am instructing my attorney Mr. Dana V. Baker to discontinue this legal action in regards to CV90L-259 Cary N. Rehbein v. John Dahm et al. I understand that dismissal means I can never bring up this case again." The letter was signed by Rehbein and witnessed by Mr. Baker. A magistrate judge sustained the motion without an evidentiary hearing, and the action was accordingly dismissed with prejudice.

A year later, Rehbein filed the present petition for a writ of habeas corpus in the district court (Rehbein III), raising a series of new claims.[2] Rehbein also renewed his claim that he had been denied the right to a direct appeal in the Nebraska courts.

---

[2]Rehbein's new grounds for relief included: 1) his guilty plea was unlawfully induced; 2) he was incompetent at the time he entered his plea; 3) his guilty plea was not knowingly and voluntarily given; 4) his trial counsel was ineffective; and 6) the prosecution failed to disclose favorable evidence.

Specifically, as his fifth ground for relief, Rehbein alleged that he was denied a direct appeal because:  a) his trial counsel told him he could not appeal and did not inform him of the time he had for filing a direct appeal;  b) he was in isolation for 91 days, during which time his time for appeal ran; and c) he was having black-outs during the time allowed for direct appeal (hereinafter claims 5(a), 5(b), and 5(c)).

The state argued that Rehbein III constituted an abuse of the writ. With one exception, the district court agreed.  The court determined that all but one of the claims asserted in Rehbein III were claims that Rehbein had inexcusably failed to include in his earlier habeas petition, and accordingly dismissed those claims as abusive.  The court determined, however, that one of Rehbein's claims, claim 5(b), was not barred by the abuse of the writ doctrine.  According to the court, Rehbein's allegation that he had been denied the right to a direct appeal due to his isolation had previously been presented in Rehbein II.  The court concluded that such a repetitive claim was precluded in a subsequent petition only if the original claim had been determined "on the merits" in a prior proceeding. Since Rehbein II had been dismissed with prejudice without a hearing on the merits, the court held that Rehbein was not barred from asserting claim 5(b) in Rehbein III, and scheduled that claim for further briefing.

In May 1995, the court considered the parties' additional submissions with respect to claim 5(b).  By that time, Rehbein's position with respect to that claim had significantly changed.  The court noted that claim 5(b) was facially identical to a claim Rehbein had made in Rehbein II:  both claims alleged that Rehbein had been denied a direct appeal due to his placement in isolation for the duration of his appeal time.  Nevertheless, the factual underpinnings of the two claims were substantially different. Specifically, in briefing claim 5(b) of Rehbein III, Rehbein no longer argued that he had been physically prevented from perfecting

-3-

his direct appeal.  Instead, Rehbein contended that he was never informed of his right to appeal, that no library materials were available to him in his isolation, and that prison staff denied several of his requests to see a legal aide.

Because Rehbein no longer alleged that he was denied a direct appeal due to his being placed in isolation, the district court held that Rehbein had abandoned that ground for habeas relief. Moreover, the court found that the claim the petitioner did brief--predicated on his attorney's failure to inform him of his right to appeal, the unavailability of library materials, and the refusal of the prison staff to honor his request for a legal aide--had never been presented to the state court.  Accordingly, the court found the claim to be procedurally defaulted.  Since Rehbein could not demonstrate cause and prejudice for his default or a fundamental miscarriage of justice, the court dismissed Rehbein's remaining claim and denied habeas corpus relief in all respects.

On appeal, Rehbein argues that the district court erred in dismissing the claims presented for the first time in Rehbein III.  Rehbein also asserts that his procedural default on claim 5(b) was excused.[3]  For affirmance, the appellees argue that all of Rehbein's claims should have been dismissed as abusive.  Alternatively, the state contends that Rehbein's new claims were properly dismissed for abuse of the writ and that Rehbein failed to establish grounds for excusing his procedural default of claim 5(b).

_____

[3]Rehbein does not challenge the court's finding that claim 5(b) had evolved into a claim which had never been presented to the state courts.

## II.  DISCUSSION

Resolution of this case requires an interpretation of the various cases and statutes governing the filing of successive petitions for writ of habeas corpus.[4]  As the United States Supreme Court has often noted, ordinary principles of res judicata and collateral estoppel do not strictly apply in the federal habeas context.  See, e.g., Sanders v. United States, 373 U.S. 1, 7-8 (1963).  Nevertheless, in the interest of finality and judicial economy, federal courts are often barred from considering the merits of claims raised in a second or subsequent federal habeas petition. Washington v. Delo, 51 F.3d 756, 759 (8th Cir.), cert. denied, 116 S. Ct. 205 (1995).  In determining when such a bar applies, we are guided not only by the statutory standards set forth in 28 U.S.C. § 2244(b) and Rule 9(b) of the Rules Governing Habeas Corpus Cases, but by the court's own equitable powers.  See McCleskey v. Zant, 499 U.S. 467 (1991).

### A.  New Claims

Rehbein first contends that the district court erred in dismissing as abusive the claims raised for the first time in Rehbein III.  In McCleskey v. Zant, the United States Supreme Court announced the principles that govern abuse of the writ claims.  There, a state prisoner challenged the constitutionality of his

---

[4]Congress recently amended the statutes governing petitions for writ of habeas corpus.  Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 1996 U.S.C.C.A.N. (110 Stat.) 1214 (amending 28 U.S.C. §§ 2244, 2254, and 2255).  The new Act makes substantive and procedural changes which could conceivably affect our review of this case.  Although this court has not yet determined to what extent the new Act applies to noncapital cases pending on appeal, the parties seem to agree that its provisions should not be applied to Rehbein's appeal.  Because Rehbein's petition would fail under any plausible application of the new Act as well as under prior law, however, we need not determine whether the new Act applies to this appeal.

-5-

conviction in various state postconviction proceedings and in two federal habeas petitions. McCleskey's second federal habeas petition contained a ground for relief not raised in his first federal habeas petition. 499 U.S. at 474. The Eleventh Circuit ordered dismissal of the new claim as an abuse of the writ, and McCleskey appealed, arguing that a new claim is not abusive unless it is deliberately abandoned in a prior proceeding. Id. at 476-77. The Supreme Court rejected McCleskey's argument. Tracing the history of the abuse of the writ doctrine, the Court held that "[a]buse of the writ is not confined to instances of deliberate abandonment." Id. at 489. Instead, "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." Id. Therefore, after McCleskey, claims raised or developed for the first time in a second or subsequent habeas are abusive and may not be considered on the merits unless the petitioner demonstrates either cause for his failure to raise them earlier and resulting prejudice, or demonstrates that a fundamental miscarriage of justice will result if the claim is not heard. Id. at 493-94; see also Pitts v. Norris, 85 F.3d 348, 350 (8th Cir. 1996).

In arguing for reversal of the district court's order, Rehbein asserts that the rules established in McCleskey do not govern his case. According to Rehbein, the McCleskey principles apply only when a prior habeas petition was determined "on the merits." Where, as here, an earlier petition is dismissed without an evidentiary hearing, Rehbein contends that McCleskey does not control. Instead, Rehbein urges us to look to Sanders v. United States. In Sanders, a petitioner's second habeas claim, which included one new ground for relief, was allowed to proceed to an evidentiary hearing because his first petition had been dismissed without a hearing on the merits.

This argument is without merit. First, nothing in <u>McCleskey</u> suggests that its holding was intended to be limited to cases in which an earlier petition was determined on the merits. To the contrary, <u>McCleskey</u> spoke in broad principles, emphasizing overriding interests of finality and judicial economy in federal habeas corpus cases. Its holding did not turn on the fact that McCleskey's first federal habeas petition had been decided on the merits.

<u>Sanders</u> is likewise unavailing to Rehbein. In <u>Sanders</u>, the court specifically stated that when a different ground is presented by a new habeas application, "full consideration of the merits of the new application can be avoided only if there has been an abuse of the writ." 373 U.S. at 17. Subsequent to <u>Sanders</u>, <u>McCleskey</u> determined that abuse of the writ may occur whenever a habeas petition fails to raise a ground in a prior petition, unless that failure is excused by cause and prejudice or actual innocence. Thus, <u>Sanders</u> does not alter our conclusion that <u>McCleskey</u> governs the issues in this case; rather, it must be read in view of <u>McCleskey</u>'s further refinement of the abuse of the writ doctrine.

Rehbein further argues that, notwithstanding <u>McCleskey</u>, both Rule 9(b) of the Rules Governing Habeas Corpus Cases and 28 U.S.C. § 2244(b) dictate that new claims in a second or subsequent petition cannot be deemed abusive unless the prior petition was determined "on the merits." We disagree. Rule 9(b) provides:

> [a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Thus, by its very terms Rule 9(b) limits its "on the merits" requirement to claims which do not allege new or different grounds

for relief.  Furthermore, although the language of 28 U.S.C. § 2244(b) provides some support for Rehbein's argument,[5] the Court's decision in McCleskey makes clear that 2244(b) does not fully define the federal courts' discretion to entertain claims which could have been raised in an earlier petition.  In holding that a new federal habeas claim may be abusive even if omitted due to inexcusable neglect, the Court specifically rejected the notion that section 2244(b) provided the final word on abusive petitions.  As the Court noted, "Congress did not intend § 2244(b) to foreclose application of the court-announced principles defining and limiting a district court's discretion to entertain abusive petitions." McCleskey, 499 U.S. at 487.  Instead, the statutes and rules addressing potentially abusive claims must always be read in light of the equitable proposition that petitioners "should include all reasonably available claims and grounds for relief in their first habeas petition." Washington, 51 F.3d at 760.

Having determined that McCleskey's pronouncements on abuse of the writ control this case, we must affirm the dismissal of the new claims unless Rehbein can show cause for the failure to raise those

---

[5]Prior to the recent amendments, section 2244(b) provided:

> When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a state court has been denied by a court of the United States . . . release from custody . . . on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus . . . need not be entertained by a court of the United States . . . unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

28 U.S.C. § 2244(b).

claims and prejudice arising therefrom, or, in the alternative, facts indicative of a fundamental miscarriage of justice. See id. After reviewing the record, we conclude that Rehbein has failed to do so. Initially, we note that throughout this appeal Rehbein has argued only that the McCleskey cause and prejudice standards should not apply to this case. He has not addressed whether, assuming McCleskey does control, cause and prejudice exist to excuse his failure to raise these claims earlier. Nevertheless, even if we construe statements in Rehbein's pleadings and briefs as reasons for his failure to raise these claims, none of these statements demonstrate the kind of external impediment required to establish cause. See McCleskey, 499 U.S. at 497. Nor has Rehbein presented evidence of actual innocence sufficient to meet the miscarriage of justice exception. Accordingly, Rehbein is, as a matter of law, unable to overcome the bar of the abuse of the writ doctrine. The district court therefore properly dismissed Rehbein's new claims as abusive.

## B. Claim 5(b)

Rehbein next argues that the district court erred in dismissing claim 5(b) for failure to present that claim in its current form to the state courts. In the interest of comity, we have held that "the same facts and legal arguments must be present in both the state and federal claims or federal review is barred." Bolder v. Armontrout, 921 F.2d 1359, 1364 (8th Cir. 1990), cert. denied, 502 U.S. 850 (1991). Rehbein admits that his attorney failed to argue in his state postconviction proceeding that Rehbein had never been informed of his right to a direct appeal, that no library materials were available to him, and that he was refused the assistance of a legal aide. Rehbein therefore concedes that claim 5(b) as it presently exists was procedurally defaulted in state court. Nevertheless, Rehbein contends that he has met the cause and prejudice standard required to excuse his procedural default. The state, in turn, notes that Rehbein deliberately

relinquished his right to assert denial of direct appeal as a ground for habeas relief by dismissing Rehbein II with prejudice. Thus, the state argues that claim 5(b) should have been dismissed with Rehbein's other claims in Rehbein III as an abuse of the writ. Alternatively, the state contends that claim 5(b) was procedurally defaulted and not excused by either cause and prejudice or a miscarriage of justice.

We need not address whether claim 5(b) should have been dismissed at an earlier stage below because we conclude that, in any event, claim 5(b) was properly dismissed due to Rehbein's inability to overcome his procedural default of that claim. Federal habeas review of procedurally defaulted claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Rehbein has not made either showing here.

Rehbein argues that the attorney appointed to represent him in the appeal of his state postconviction action was ineffective. He alleges that this counsel failed to communicate with Rehbein and failed to adequately investigate the circumstances surrounding his incarceration in order to discover the factors affecting his ability to launch a direct appeal of his conviction and sentence. Unfortunately for Rehbein, these allegations fail to excuse his procedural default. Attorney ineffectiveness "will constitute cause only if it is an independent constitutional violation," id. at 755, and it is now well settled that there is no constitutional right to an attorney in state postconviction proceedings. See id. at 752; Nolan v. Armontrout, 973 F.2d 615, 616-17 (8th Cir. 1992). Thus, even if Rehbein's postconviction counsel was ineffective, his deficient performance cannot rise to the level of an independent constitutional violation. Coleman, 501 U.S. at 757. This is true even if the state postconviction proceeding was Rehbein's first

real opportunity to argue that he had been denied his right to a direct appeal.  <u>Nolan</u>, 973 F.2d at 617.  Thus, Rehbein has failed to demonstrate adequate cause for his procedural default.

Rehbein has similarly failed to allege grounds indicating that a fundamental miscarriage of justice will result if he is not afforded a hearing on claim 5(b).  As we have often noted, the fundamental miscarriage of justice exception is a narrow one "`concerned with actual as compared to legal innocence.'"  <u>Nolan</u>, 973 F.2d at 617 (quoting <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992)).  Rehbein has failed to allege facts indicating that a constitutional violation has "probably resulted" in the conviction of an innocent person.  <u>Schlup v. Delo</u>, 115 S. Ct. 851, 867 (1995).  He argues only that he will never have his day in court if we do not reinstate claim 5(b).  This assertion falls short of meeting the miscarriage of justice exception.  Accordingly, the district court did not err in dismissing claim 5(b).

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.