# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3281

_____

Kenneth Kenley,                          *

                       *

          Appellee,            *

                       *   Appeals from the United States

     v.                   *   District Court for the

                       *    Eastern District of Missouri.

Michael Bowersox,           *

                       *

         Appellant.         *

_____

No. 99-3440

_____

Kenneth Kenley,                          *

                       *

         Appellant,         *

                       *

     v.                   *

                       *

Michael Bowersox,           *

                       *

         Appellee.         *

_____

Submitted: June 15, 2000
Filed: September 28, 2000

_____

Before BOWMAN, FLOYD R. GIBSON,[1] and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.
_____

BOWMAN, Circuit Judge.

Michael Bowersox, on behalf of the state of Missouri, appeals from the decision of the District Court granting Kenneth Kenley's petition for a writ of habeas corpus, see 28 U.S.C. § 2254 (1994 & Supp. IV 1998), on the ground that Kenley was denied his right to due process in a state post-conviction hearing, one of twelve claims he raised in his § 2254 petition. The court dismissed two of Kenley's claims without prejudice and without considering the merits, denied the remaining nine claims, and granted Kenley a certificate of appealability (COA) for eight of his claims. Kenley cross appeals four of the denied claims for which the COA was granted. We affirm in part, reverse in part, vacate in part, and remand for further proceedings.

I.

Kenley was convicted of capital murder and sentenced to death in Missouri state court for killing Ronald Felts in the course of what can only be described as a criminal rampage through southern Missouri and northern Arkansas that began the night of January 3, 1984, and ended early the next morning.[2] See State v. Kenley, 693 S.W.2d 79 (Mo. 1985) (en banc) (describing Kenley's crimes), cert. denied, 475 U.S. 1098 (1986). After the capital murder conviction and death sentence were affirmed on direct

_____

[1]Complications from an automobile accident have prevented Judge Gibson from reviewing this opinion prior to its being filed.

[2]Besides murdering Felts, Kenley robbed several businesses; kidnapped two women at gunpoint for sexual purposes; shot and wounded two persons, including one of the women he kidnapped; and threatened numerous other persons. Kenley was separately convicted on counts of robbery, kidnapping, assault, and stealing.

appeal, see id., and state post-conviction relief was denied, see Kenley v. State, 759 S.W.2d 340 (Mo. Ct. App. 1988), Kenley filed his first § 2254 petition in federal court. The district court denied relief. This Court affirmed the denial to the extent Kenley challenged the guilt phase of his trial, but otherwise reversed, concluding that counsel was constitutionally ineffective during the sentencing phase of Kenley's trial and that the writ therefore should issue. See Kenley v. Armontrout, 937 F.2d 1298 (8th Cir.), cert. denied, 502 U.S. 964 (1991). The Court remanded and instructed the district court to grant the writ and to order the State either to resentence Kenley or to reduce his sentence to life without parole.

After a new penalty phase trial in 1994, the jury recommended capital punishment and Kenley was again sentenced to death. Kenley sought state post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. On April 1 and 2, 1996, the state circuit court held a hearing, with Kenley represented by appointed counsel. On April 8, 1996, the circuit court issued four pages of somewhat cursory findings of fact and conclusions of law, and overruled Kenley's motion for relief. The Missouri assistant attorney general was concerned that the findings and conclusions would be inadequate for appellate review, so he wrote to Kenley's counsel to tell her that he would be advising the court of his concerns and would submit proposed findings and conclusions to the court. He suggested that she might want to do the same. Four days later, the assistant attorney general did send a twenty-nine-page proposed judgment to the court, and sent a copy to Kenley's counsel. Kenley did not object to the State's proposal, nor did he submit his own proposed findings and conclusions or give any indication to the court that he wished to do so. Four days after receiving the assistant attorney general's document, the circuit court entered the State's proposed findings and conclusions verbatim as the order of the court. Of course, the judgment remained unchanged: the motion for relief was overruled.

Kenley appealed his sentence and the denial of post-conviction relief, claiming trial error and ineffective assistance of counsel at resentencing. See State v. Kenley,

952 S.W.2d 250 (Mo. 1997) (en banc), cert. denied, 522 U.S. 1095 (1998). Kenley further alleged that "the [Rule 29.15] motion court erred by adopting in whole the prosecutor's proposed findings of fact and conclusions of law," contending that "the court's findings were not supported by evidence and did not reflect an independent judgment by the court." Id. at 260, 261. After a thorough review of the record, the Missouri Supreme Court concluded otherwise.

Kenley filed another petition for § 2254 relief in the District Court, raising twelve claims related to the resentencing. Upon examining his Claim 3, in which Kenley challenged the Rule 29.15 court's word-for-word adoption of the State's proposed findings and conclusions, the District Court determined that Kenley "is not challenging the verbatim adoption [by the state post-conviction court] of the State's proposed findings of fact and conclusions of law, in and of itself. Rather, Petitioner challenges the procedure under which these findings were adopted." Kenley v. Bowersox, No. 4:98CV48, Memorandum and Order at 11 (E.D. Mo. July 26, 1999). Based on that distinction, the court decided that the claim was properly raised in a federal habeas petition and proceeded to grant the writ.[3]

## II.

Kenley filed his petition after 28 U.S.C. § 2254 was amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

---

[3]The court granted the writ but ordered that its execution be stayed "to permit the Rule 29.15 Court to rehear the postconviction issues." Memorandum and Order at 64. According to the District Court order, if the State should fail to provide a rehearing, then "the writ shall issue, and Respondent shall release Petitioner from any incarceration or other restraint." Id. That is incorrect, as Kenley's conviction for capital murder long ago passed federal habeas review. See Kenley v. Armontrout, 937 F.2d 1298 (8th Cir.), cert. denied, 502 U.S. 964 (1991). All that is at issue now is the death sentence imposed in 1994.

1214 (AEDPA), so the amended version of § 2254 and the standards of review therein apply. Under AEDPA, we are compelled to apply a rebuttable presumption of correctness to any factual findings made by the Missouri courts. See 28 U.S.C. § 2254(e)(1). "Otherwise, we review the District Court's factual determinations for clear error and its conclusions of law de novo." Whitmore v. Kemna, 213 F.3d 431, 432 (8th Cir. 2000). Upon de novo review of "any claim that was adjudicated on the merits in State court proceedings," we are permitted to affirm the granting of the writ only if

> the adjudication of the claim —
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). With these standards in mind, we consider the State's appeal.

## III.

### A.

Initially, the State contends that the District Court should not even have considered the issue upon which the court based its decision to grant the writ—failure of notice and opportunity in the Rule 29.15 proceedings—because that issue was not properly presented to the Missouri Supreme Court and was not raised in the District Court. Indeed, it is apparent from the record that the focus of Kenley's arguments on the due process question was the Rule 29.15 court's verbatim adoption of the State's proposed findings and the state circuit judge's lack of independent judgment. Recognizing that success on that claim was foreclosed by our opinion in Jolly v.

Gammon, 28 F.3d 51, 54 (8th Cir.), cert. denied, 513 U.S. 983 (1994), the District Court seized upon Kenley's brief mention, in both his state appeal and in his § 2254 petition, of his due process rights to notice and an opportunity to be heard, and essentially made the argument for him. The Missouri Supreme Court's failure to address Kenley's due process argument in the context of notice and opportunity belies Kenley's insistence that the issue was fairly presented to that court.[4]

Nevertheless, because Kenley invoked the "notice and opportunity" language in both the state court and the District Court, albeit fleetingly, we will give him the benefit of the doubt and consider the due process question as it was discussed by the District Court. As we explain below, we have other reasons for reversing the District Court's decision.

B.

The State next argues that Kenley's claim based on a failure of due process in the Rule 29.15 proceedings is not cognizable in a § 2254 petition. As we have said, the District Court determined that Kenley was "not challenging the verbatim adoption of the State's proposed findings of fact and conclusions of law," but instead was challenging "the procedure under which these findings were adopted." Memorandum and Order at 11. The court decided there was a distinction between a claim of "infirmities" in the proceedings, which clearly is not cognizable in § 2254 proceedings in this Circuit, and "a federal due process claim based on a state court's handling of a claim on post-conviction review," which the District Court thought would be

_____

[4]The District Court was quite clear that it was applying the AEDPA amendments to Kenley's claim: the court concluded that the Missouri Supreme Court's decision was an unreasonable application of clearly established law. See 28 U.S.C. § 2254(d)(1). The Missouri Supreme Court, however, never analyzed the notice and opportunity given Kenley in the Rule 29.15 proceedings as a separate issue, so it is not at all clear what "application" of law the District Court was reviewing.

cognizable. <u>Id.</u> at 13. The court concluded that Kenley's claim "falls within the latter category" and therefore was properly raised in his § 2254 petition. <u>Id.</u>

This Court has said that, although there is no right to state post-conviction proceedings under the United States Constitution, "once such a remedy is granted by the state, its operation must conform to the due process requirements of the 14th Amendment." <u>Easter v. Endell</u>, 37 F.3d 1343, 1345 (8th Cir. 1994) (noting that rule only in a discussion of procedural bar; petitioner had not invoked § 2254 to challenge process afforded him in state post-conviction proceedings); <u>accord</u> <u>Mack v. Caspari</u>, 92 F.3d 637, 640 (8th Cir. 1996) (noting that "a contention that a state court has applied a procedural rule arbitrarily to a defendant's prejudice [in a state post-conviction proceeding] may state a federal constitutional due process violation"), <u>cert. denied</u>, 520 U.S. 1109 (1997). But the question remains: is a writ of habeas corpus the remedy for a failure of due process in state post-conviction proceedings? We hold that it is not.

Under 28 U.S.C. § 2254, a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Kenley's attack on the constitutionality of the procedure employed in the state post-conviction proceedings does not test the legality of his sentence. Kenley is not on death row because his due process rights were violated in his Rule 29.15 proceedings; he is on death row because he was duly sentenced to death at a criminal sentencing trial. He challenges only the procedure employed in collateral civil proceedings that occurred after his direct criminal appeals were exhausted, not the process afforded him at resentencing or on direct appeal (at least not with this claim). On its face, then, a claim such as Kenley's is not a constitutional challenge to state custody.

Indeed, this Circuit has long recognized that truism, holding on several occasions that a § 2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings. As we noted in Williams v. State, 640 F.2d 140, 143-44 (8th Cir.), cert. denied, 451 U.S. 990 (1981), "[I]nfirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, *ipso facto*, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." See also Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.) (holding that § 2254 petitioner's claim that state post-conviction court's failure to make findings on allegation that prosecution withheld discovery "is collateral to appellant's conviction and detention, and is therefore not cognizable in a 28 U.S.C. § 2254 petition"), cert. denied, 495 U.S. 936 (1990); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir. 1989) (quoting Williams in holding challenges to failure to hold state post-conviction hearing and to lack of written findings were not cognizable), cert. denied, 493 U.S. 1028 (1990). This position is in keeping with that of most of the other circuits that have had occasion to address the issue. See, e.g., Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.) (citing Jolly and denying COA on petitioner's claim that he was denied due process when state post-conviction court adopted state's proposed findings and conclusions three hours after they were filed with court, noting that claim provided no grounds for federal habeas relief), cert. denied, 527 U.S. 1056 (1999); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997) (noting established law that "errors concerning [the state post-conviction] process are not cognizable in federal habeas proceedings"), cert. denied, 525 U.S. 903 (1998); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (holding that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) (following courts that have determined "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief"); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) (concluding § 2254 claim

-8-

that petitioner's due process rights were violated when state post-conviction court held no evidentiary hearing and failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief"); Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986) (holding that § 2254 was not available to challenge "a denial of the sixth amendment right to effective assistance of counsel, a denial of due process, and a denial of equal protection in the State *post-conviction* proceedings—claims unrelated to his detention"). But see Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir.) (per curiam) (noting that "errors" in state post-conviction proceedings are not cognizable in § 2254 petition "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause"), cert. denied, 519 U.S. 907 (1996); Dickerson v. Walsh, 750 F.2d 150, 153 (1st Cir. 1984) (noting position of other circuits on the question and concluding that federal habeas was proper avenue for attacking state post-conviction proceedings).

Kenley's attempt to distinguish his claim—that he did not receive notice and an opportunity to be heard—from a claim of "infirmities" in state post-conviction proceedings is unavailing. A failure of notice and opportunity, as with those other "infirmities" in state post-conviction proceedings that in fact deprive a petitioner of any part of the process he is due, is subsumed in the overall right to fundamental fairness that is central to procedural due process. Virtually all of the "infirmities" noted in the cases that hold such claims are not cognizable in a § 2254 action represent due process violations in varying degrees. The law is clear that such violations of due process during state post-conviction proceedings are not remediable by federal habeas corpus.[5]

C.

[5]The State also argues that, were we to affirm the District Court's cognizability holding, it nevertheless "could not be applied in this case because such an application would violate the non-retroactivity principle announced in" Teague v. Lane, 489 U.S. 288 (1989). Brief of Bowersox at 43. Because we hold that Kenley's claim is not cognizable in a § 2254 petition, we do not address the State's Teague argument.

Even assuming arguendo that Kenley's due process claim relating to his state post-conviction proceeding is cognizable in a § 2254 petition, we reverse the District Court's decision to grant the writ because we conclude that the record does not support Kenley's allegation that he was denied notice and an opportunity to be heard in the Rule 29.15 proceedings.

Kenley had ample notice of the post-conviction hearing—he is, in fact, the one who sought it. He also had a full and fair opportunity to be heard and to present his case to the court. The state court's failure to let Kenley know that the court would be issuing amended findings and conclusions after the hearing had been held and the judgment entered cannot be a failure of notice. Kenley knew that the court might rethink its findings and conclusions based on the State's submissions, which also were sent to Kenley's counsel. Moreover, the court did not reconsider or alter its judgment denying Kenley's motion for post-conviction relief, but simply amended the findings and conclusions supporting the judgment already entered. Likewise, the opportunity to be heard (assuming there is such a post-conviction due process right after the judgment of the court has issued) was Kenley's for the taking. He never indicated to the court that he also wished to be heard on the subject, neither before nor after the State proposed its findings. It is not clear what greater opportunity Kenley thought he deserved. For these reasons, we reject Kenley's due process claim on the merits.

IV.

As we mentioned at the start of this opinion, the District Court granted Kenley a certificate of appealability on eight of his twelve habeas claims, including the two ineffective assistance claims that were dismissed without prejudice and his Claim 3 on

which the court granted relief. Kenley cross appeals the denial of four of the remaining claims.[6] We consider each in turn.

## A.

Kenley first argues that the resentencing court erred in allowing the prosecutor to put on evidence of certain behavior in which Kenley engaged while incarcerated following his 1984 convictions: stabbing another inmate, taking a prison librarian hostage, and accruing forty-seven conduct violations between 1985 and June 1992. The Missouri Supreme Court denied the point, quoting Wasman v. United States, 468 U.S. 559, 569-70 (1984): "Consideration of a criminal conviction obtained in the interim between an original sentencing and a sentencing after retrial is manifestly legitimate." The state court's application of Wasman to the facts of this case is not contrary to existing law nor does it "contradict[] the governing law set forth in" any Supreme Court case. Williams v. Taylor, 120 S. Ct. 1495, 1519 (2000) (O'Connor, J., for the Court). Further, we believe the application of Wasman is not "objectively unreasonable," id. at 1521, and neither an unreasonable extension of a legal principle already established nor an unreasonable refusal "to extend [a legal] principle to a new context where it should apply," id. at 1520. Therefore, Kenley's attempt to distinguish Wasman on the facts is futile.

## B.

Kenley next claims that the evidence was insufficient to support the jury's finding of a statutory aggravating factor, namely that Kenley, in murdering Felts, created a great risk of death to more than one person. Kenley submits that because he fired only

---

[6]Apparently Kenley has abandoned his challenge to Missouri's reasonable doubt instruction, the remaining claim on which the District Court denied relief to Kenley and granted a COA.

one shot at Felts, and from twenty feet away, he could not have knowingly created a great risk of death to more than one person. According to Kenley, the act of murder could not have caused danger to anyone but Felts, notwithstanding that others were present at the time of the murder and that Kenley ordered all to "hit the floor" (a command that Felts either did not hear or did not obey quickly enough to suit Kenley). The Missouri Supreme Court rejected Kenley's arguments, and he has not demonstrated how that decision either is contrary to federal law or reflects an unreasonable application of clearly established federal law. Moreover, Kenley does not challenge the sufficiency of the evidence of the second statutory aggravating factor that the jury found (not to mention the sufficiency of the evidence supporting the seven non-statutory aggravating factors that jurors found), and proof of only one statutory aggravating factor is needed to impose a sentence of death.

## C.

Kenley further argues that the District Court should have granted the writ based on the fact that the resentencing court erred in permitting the prosecutor to make a rebuttal closing argument, that he was thereby prejudiced, and that the error was not harmless. The State concedes that, under the rule that applied at the time of Kenley's resentencing, it was error not to allow the defense to close the argument. Nevertheless, the Missouri Supreme Court concluded that Kenley's challenge raised no federal due process issues, noting that under current Missouri law the prosecutor now is permitted to close such arguments. The court further found that Kenley was unable to identify any prejudice to him or to his rights, pointing out that arguments are not evidence. Kenley parses the rebuttal argument in an effort to make the case for prejudice in this Court. Again, however, to the extent the decision is based on factual findings, we see no "unreasonable determination" by the state court; to the extent it is an application of federal law, we likewise see neither a contrary nor an unreasonable application here.

## D.

Finally, Kenley challenges the resentencing court's decisions regarding a number of statements made by the prosecutor in his closing argument, alleging that those statements: suggested the value of Kenley's life should be weighed against the value of Felts's life; "call[ed] for the jury to apply irrelevant issues, composed mostly of the elements of fear, passion and prejudice," Brief of Kenley at 73-74; expressed personal opinions or argued facts outside the record; reflected an attempt to change the State's burden of proof; and referenced the seven life sentences he received as the result of his 1984 crime spree, apart from the sentence he would receive for the murder, in an improper way.

Contrary to Kenley's pejorative opinion of the Missouri Supreme Court's review of the allegations, see id. at 70 ("The Missouri Supreme Court, in a seemingly tireless effort, defended this rogue prosecutor at every turn."), we find that court's consideration of Kenley's claims of error to be thorough and objective. The state court either found the argument was not improper or, to the extent the remarks were improper, found that they were not objected to as a matter of trial strategy or they were not prejudicial to Kenley. Again, we conclude that the Missouri Supreme Court's decisions on these issues are not contrary to, nor do they result from an unreasonable application of, clearly established federal law, and they do not reflect an unreasonable determination of the facts. Once again, and considering our deferential review of state court proceedings since the enactment of AEDPA, we must affirm the District Court's denial of these claims.

V.

We are left only to decide what to do about Kenley's Claims 1 and 2, that his counsel was ineffective at resentencing for failing to investigate or present evidence of his alleged intoxication the night of the murder and his general mental condition. The District Court dismissed these claims without prejudice "given the constitutional

-13-

infirmities in the post-conviction court's review of them," Memorandum and Order at 26, but then went on to grant a COA on the claims finding "that the issues raised . . . deserve further proceedings." Id. at 64. The issues raised by the claims were not briefed by either party in this appeal. Given our resolution of this appeal, in which we have rejected Kenley's other claims, if we were to affirm the District Court's ruling with respect to these two claims, Kenley presumably would be free to file another § 2254 petition alleging them, since the District Court dismissed them without prejudice.

We believe, however, that in fairness to all concerned it is preferable that we vacate the District Court's decision dismissing Kenley's § 2254 Claims 1 and 2 (ineffective assistance as to evidentiary issues) and remand with instructions for the District Court to consider the merits of those claims. In light of the Missouri Supreme Court's thorough discussion of these issues, we suspect that the District Court will be able to make short work of its review.

## VI.

The judgment of the District Court granting habeas relief to Kenley on Claim 3 of his petition is reversed. The District Court's dismissal without prejudice of Kenley's Claims 1 and 2 is vacated and the case is remanded for further proceedings. The denial of Kenley's remaining claims is affirmed in all respects. We retain jurisdiction over the case pending the District Court's adjudication of Kenley's Claims 1 and 2. The District Court shall adjudicate Claims 1 and 2, and shall certify its decision to us, within sixty days from the date of this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.