# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1109

_____

Merrill Arnes Jacobs,        *

            *

       Petitioner/Appellant,     *

            *   Appeal from the United States

            *   District Court for the

      v.           *   Eastern District of Missouri.

            *

Dave Dormire,          *

            *

       Respondent/Appellee.

_____

Submitted: January 12, 2000
Filed: February 9, 2000

_____

Before WOLLMAN, Chief Judge, MORRIS SHEPPARD ARNOLD and
MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.


      Merrill Jacobs was convicted in Missouri of three counts of sale of a controlled
substance and filed this petition for habeas relief. Four issues were raised in his
petition which was denied by the district court.[1] The court granted a certificate of
appealability on two issues: whether the state court erred in overruling his objection

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for
the Eastern District of Missouri.

during voir dire to a question by the prosecutor dealing with proof beyond a reasonable doubt and whether his appellate counsel was ineffective for not raising a claim that his right to a fair trial by an impartial jury was violated. We affirm.

Jacobs alleges that his due process rights were violated during voir dire when one of the prosecutor's questions made reference to the government's burden of demonstrating the elements of the offense beyond a reasonable doubt. The question about which he complains and to which he unsuccessfully objected was:

> Q: Do you understand that the burden of reasonable doubt applies only to the elements that are given in the instructions? You're going to have witnesses here that are going to give you different testimony, and you can't let that interfere. You need to consider the reasonable doubt instruction as it – or the burden as it applies to the case, as it applies to the elements that are charged in this case and not as to the conflicts in evidence. Is that understood?

Tr. at 41.

On direct appeal the Missouri Court of Appeals held that the trial court erred in overruling Jacobs' objection to the question because voir dire questions discussing reasonable doubt tend to confuse a jury. See State v. Jacobs, 866 S.W.2d 919, 921-22 (Mo. Ct. App. 1993). The court held nevertheless that Jacobs had not been prejudiced because the question was incomprehensible. See id. Morever, since the essential facts of the drug sales were not seriously contested, any error resulting from the prosecutor's question was harmless. See id.

Because the Missouri Court of Appeals conducted a harmless error analysis, we review the record to determine whether the error "'had substantial and injurious effect or influence in determining the jury's verdict,'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)), and conclude that it did not. The strength of the state's evidence is apparent, and the district

court properly instructed the jury on the burden of proof. We agree that any error was harmless and therefore need not reach the merits of Jacobs' constitutional claim.

Jacobs alleges that his appellate counsel was ineffective for not raising a claim that his right to a fair trial by an impartial jury was violated when a juror failed to disclose during voir dire that he was aware of Jacobs' reputation for criminal activity. The venire panel was asked whether any member knew Jacobs, but not about his reputation. The prosecutor asked:

> MR. FUSSELMAN: Okay. Are any of you here acquainted with Merrill Jacobs, the Defendant in this case? Do any of you know Merrill from a prior contact or any professional contact?

Tr. at 51. Juror David Yancey did not respond to the question.

Following his conviction Jacobs filed a post conviction motion that raised a biased juror claim. The court conducted an evidentiary hearing at which Jacobs, Jacobs' trial counsel, and Yancey testified. Yancey testified that while he had heard of Jacobs' reputation, he nonetheless had not considered it during deliberations and he had followed the court's instructions and only considered the evidence presented at trial. See Resp't Ex. B at 58-62. The court made findings after the hearing and explicitly found that Jacobs had not shown that Yancey was biased or that the jury was partial. See Resp't Ex. D at 4. The court also found that Jacobs could not raise an improper jury selection claim for the first time in a post conviction motion because he had not shown that he had no knowledge of the underlying facts until after trial. See id. at 5. Jacobs appealed to the Missouri Court of Appeals. The appellate court mentioned the post conviction court's finding that Yancey had not been biased, but affirmed on the basis of Jacobs' failure to make the showing required for raising such a claim by a post conviction motion. See Resp't Ex. G at 6.

Jacobs argues he is entitled to habeas relief because his appellate counsel was ineffective for not properly raising the biased juror claim before the Missouri Court of Appeals. Jacobs has not exhausted his state remedies, however, because he has not filed a motion to recall the mandate, see Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994); State v. Rone, 603 S.W.2d 575, 578 (Mo. 1980) (en banc), or a state habeas petition, see Mo. Sup. Ct. R. 91.[2] In any event, the claim would appear to fail on the merits since Jacobs has not shown that he was prejudiced or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]As the district court noted, Jacobs is still free to pursue his unexhausted claim in Missouri state court. See Memorandum and Order, Aug. 14, 1998 at 8 n.2.