(April 13, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE WORD, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DIANE WORD, Respondent. [689 NYS2d 36] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered March 7, 1996, convicting defendant, after a trial by jury, of manslaughter in the second degree and sentencing her to a term of 5 to 15 years in prison, unanimously affirmed. Order, same court and Justice, entered February 2, 1996, which granted defendant's motion for a trial order of dismissal to the extent of setting aside the verdict convicting her of murder in the second degree, unanimously reversed, on the law, the verdict reinstated and the matter remanded for sentencing.

We find that the court erred in setting aside the verdict convicting defendant of murder in the second degree based on its finding that the prosecution had not set forth sufficient evidence demonstrating that she acted with a depraved indifference to human life. Whether a particular act was committed under "circumstances evincing a depraved indifference to human life" within the meaning of Penal Law § 125.25 (2) is "not a mens rea element which focuses 'upon the subjective intent of the defendant, as it is with intentional murder (Penal Law, § 125.25, subd 1)'; rather it involves 'an objective assessment of the degree of risk presented by defendant's reckless conduct'" (*People v Roe*, 74 NY2d 20, 24, quoting *People v Register*, 60 NY2d 270, 277). Thus, evidence of the defendant's mental state, though significant in determining the threshold question of recklessness, is not relevant to the question of "whether the objective circumstances bearing on the nature of a defendant's reckless conduct are such that the conduct creates a very substantial risk of death" (*People v Roe, supra*, at 24), thereby supporting a conviction for depraved indifference murder.

Here, the trial court clearly, and properly, found that the evidence was sufficient to prove that the defendant acted with a criminal degree of recklessness, as it sustained her conviction for reckless manslaughter. Thus, the only question remaining in determining whether the evidence was sufficient to sustain the murder verdict is whether the risk created by her actions was sufficiently great to satisfy the above-quoted standard. We find that it was. Defendant's actions toward her apparently otherwise healthy infant, who was three-and-a-half months old when he died, in depriving him of adequate sustenance in spite of his obvious emaciation were plainly sufficient to create a substantial risk of death by starvation. In particular, we note the medical evidence demonstrating that the deprivation of

food had continued over an extended period of time, as shown by, *inter alia*, his extremely reduced level of body fat (*cf.*, *People v Sika*, 138 AD2d 935, *lv denied* 72 NY2d 866).

As to defendant's arguments on appeal, we reject her contention that she was denied either her statutory or constitutional right to a speedy trial. CPL 30.30 is inapplicable to this proceeding, wherein defendant was charged with murder in the second degree (*see*, CPL 30.30 [3] [a]). Moreover, the delays in bringing defendant to trial were substantially caused by proceedings to determine her fitness to proceed to trial as well as by her own voluminous motion practice and therefore did not deprive her of her constitutional right to a speedy trial.

We find that the court did not err in excusing a juror who stated that he had "a certain bias" against police officers and indicated that he was dubious about their veracity as a general matter (*see*, *People v Gayle*, 238 AD2d 133, *lv denied* 90 NY2d 893; *People v Mitchell*, 224 AD2d 316, *lv denied* 88 NY2d 968).

While a witness's passing remark that a report had been filed with "CWA" (Child Welfare Administration) regarding defendant's other child was in violation of a prior evidentiary ruling, in light of the minimal impact of the remark any error was clearly harmless. Finally, defendant's argument that the prosecutor's summation was improper is not preserved for review and, in any case, is without merit. Inasmuch as defendant must be sentenced on the second degree murder conviction in accordance with this decision, her argument that her sentence on the second degree manslaughter conviction was excessive is academic.

We have considered the defendant's remaining contentions, and find that they are without merit. Concur—Ellerin, P. J., Sullivan, Rosenberger, Lerner and Rubin, JJ.