# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1703

_____

Alejandro A. Garcia,     *
            *
    Appellant,    *
            * Appeal from the United States
  v.         * District Court for the
            * Southern District of Iowa.
John Mathes,      *
            *
    Appellee.    *

_____

Submitted: November 14, 2006
Filed:  February 1, 2007

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Alejandro Garcia (Garcia) applied for a writ of habeas corpus under 28 U.S.C. § 2254, arguing the exclusion of evidence showing medical malpractice was an intervening and superseding cause of his victim's death violated due process. The district court[1] denied Garcia's application. We affirm.

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

## I. BACKGROUND

Garcia and three other men attacked Daniel Hernandez Gonzales (Hernandez). As Hernandez attempted to escape, Garcia shot Hernandez four times. Hernandez was taken to a hospital for medical care, without which he would have died. As a result of the gun-shot wounds and surgeries, Hernandez contracted Adult Respiratory Disease Syndrome, a serious condition that required Hernandez to be placed on a ventilator. While still on the ventilator, a nurse accidentally cut a small hole in Hernandez's tracheotomy tube. A trauma surgeon removed and attempted to replace the tracheotomy tube, however, the tracheotomy tube could not be replaced due to Hernandez's swollen neck. Hernandez died of asphyxiation.

Garcia was charged in Iowa state court with first-degree murder. At trial, Garcia intended to argue he was not guilty because the removal of Hernandez's tracheotomy tube was an intervening and superseding cause of Hernandez's death. In support, Garcia designated an expert witness, Dr. Lawrence Repsher (Dr. Repsher). Dr. Repsher was prepared to testify (1) Hernandez received inappropriate medication that worsened his condition; and (2) removing Hernandez's tracheotomy tube was "outrageous," "completely irrational," and the proximate cause of Hernandez's death. However, Dr. Repsher would not have testified that removing Hernandez's tracheotomy tube was the *sole* proximate cause of Hernandez's death.

Before Garcia's trial, the Iowa trial court excluded Dr. Repsher's testimony, concluding removal of the tracheotomy tube was not the sole proximate cause of Hernandez's death, and thus Dr. Repsher's proffered testimony was irrelevant. Garcia waived his right to a jury trial, and the court found "beyond a reasonable doubt that [Garcia's] act of shooting [Hernandez] was a proximate cause of, and resulted in, [Hernandez's] death." Garcia was convicted of first-degree murder. The Iowa Court of Appeals reversed Garcia's conviction and remanded for a new trial, holding the trial court erred in excluding Dr. Repsher's testimony. State v. Garcia, Nos. 1999-541, 9-802, 98-2089, 2000 WL 204214, at *6 (Iowa Ct. App. Feb. 23, 2000)

(unpublished). The Supreme Court of Iowa, sitting en banc, vacated the decision of the Iowa Court of Appeals and affirmed the judgment of the trial court, reasoning "the trial court properly ruled that evidence of malpractice, even if it was 'outrageous' as [Dr. Repsher] testified, was inadmissible. No reasonable fact finder could conclude the medical treatment was the sole proximate cause of death." State v. Garcia, 616 N.W.2d 594, 599 (Iowa 2000) (en banc).

After the denial of Garcia's application for state post-conviction relief, Garcia applied for a writ of habeas corpus in federal district court. The district court denied relief and granted a certificate of appealability. Garcia appeals.

## II.     DISCUSSION

"In an appeal of a habeas [application], we review the district court's findings of fact for clear error and its conclusions of law de novo." Engesser v. Dooley, 457 F.3d 731, 735 (8th Cir. 2006) (alteration and quotation omitted), petition for cert. filed, ___ U.S.L.W. ___, (U.S. Dec. 5, 2006) (No. 06-8274). "An application for a writ of habeas corpus . . . shall not be granted . . . unless the adjudication of the claim . . . resulted in a decision that . . . involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[A]n unreasonable application of [the Supreme Court's] precedent" occurs "if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts." Williams v. Taylor, 529 U.S. 362, 407 (2000) (O'Connor, J.). To be unreasonable, the state court's application of Supreme Court precedent "must have been more than incorrect or erroneous." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). Rather, the application "must have been objectively unreasonable." Id. (internal quotation omitted).

In the habeas context, "[q]uestions regarding admissibility of evidence are matters of state law." Rousan v. Roper, 436 F.3d 951, 958 (8th Cir.) (quotation

omitted), cert. denied, 127 S. Ct. 68 (2006). "A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." Bucklew v. Luebbers, 436 F.3d 1010, 1018 (8th Cir.), cert. denied, 127 S. Ct. 725 (2006). "The [applicant] must show that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." Rousan, 436 F.3d at 958-59 (quotation omitted).

Garcia cites Taylor v. Illinois, 484 U.S. 400, 410-11 (1988), and Pennsylvania v. Ritchie, 480 U.S. 39, 56 (1987), to prove clearly established federal law guarantees criminal defendants "the right to put before a jury evidence that might influence the determination of guilt." Ritchie, 480 U.S. at 56. The Supreme Court has described the right of criminal defendants to offer testimony as one of "the most basic ingredients of due process of law." Washington v. Texas, 388 U.S. 14, 18 (1967) (citing In re Oliver, 333 U.S. 257, 273 (1948)). "[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Holmes v. South Carolina, ___ U.S. ___, ___, 126 S. Ct. 1727, 1731 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)).

Garcia argues the state court unreasonably applied clearly established federal law by excluding evidence showing medical malpractice was an intervening and superseding cause of Hernandez's death. Trial courts may exclude defense evidence on grounds the evidence is "repetitive . . . , only marginally relevant[,] or poses an undue risk of harassment, prejudice, or confusion of the issues" without violating the Constitution. Id. at 1732 (quotation omitted). Under Iowa law, "for an intervening act to relieve a defendant of criminal responsibility for homicide, the intervening act must be the *sole* proximate cause of death." Garcia, 616 N.W.2d at 597 (citing State v. Wissing, 528 N.W.2d 561, 565 (Iowa 1995)). Dr. Repsher conceded removing Hernandez's tracheotomy tube was not the sole proximate cause of Hernandez's death. Thus, the state court concluded Dr. Repsher's opinion that removing the tracheotomy

-4-

tube was the proximate cause of Hernandez's death was irrelevant. The exclusion of such irrelevant evidence was not an objectively unreasonable application of clearly established federal law nor did it render Garcia's trial fundamentally unfair. See Abston v. Ryan, 120 F. App'x 659, 662-63 (9th Cir. 2004) (unpublished) (affirming the denial of a habeas application, which argued the exclusion of evidence showing medical malpractice was a superseding cause of the victim's death violated due process, because the applicant failed to show the medical malpractice was "the sole cause of death" as required by Arizona law).

## III. CONCLUSION

We decline to consider Garcia's remaining arguments, which were neither included in the habeas application nor included in the certificate of appealability. Accordingly, we affirm the denial of Garcia's habeas application.

_____