(September 27, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE WORD, Appellant. [842 NYS2d 426]—

Judgment, Supreme Court, New York County (Harold B. Beeler, J.), rendered November 5, 1999, convicting defendant, after a jury trial, of murder in the second degree, and sentencing her to a term of 15 years to life, unanimously affirmed.

In 1995, defendant was convicted after trial of two homicide offenses relating to the death from starvation and dehydration of her three-month-old infant son: second-degree murder under a depraved indifference theory and second-degree manslaughter. The trial court set aside the murder verdict on the ground of insufficient evidence, and imposed sentence on the manslaughter verdict. Both sides appealed, and this Court (260 AD2d 196 [1999], *lv denied* 93 NY2d 1029 [1999]) affirmed the manslaughter conviction and reinstated the murder verdict. Defendant now appeals from the murder conviction.

To the extent that defendant is challenging the sufficiency of the evidence supporting the murder conviction, that issue was resolved against her on the prior appeal (*see People v Evans*, 94 NY2d 499, 502 [2000]). Of course, defendant could not have raised a challenge to the weight of the evidence supporting the murder conviction as an alternative ground for affirmance on the People's appeal (*see People v Goodfriend*, 64 NY2d 695, 697-698 [1984]). Although it is not clear whether defendant is now arguing that the verdict was against the weight of the evidence, we reject any such argument. In this regard, defendant failed to object to the court's charge to the jury on the elements of depraved indifference murder. Accordingly, the weight of the evidence must be assessed in light of the elements of that crime as they were instructed to the jury without objection (*see People v Brown*, 41 AD3d 261 [2007]; *People v Casiano*, 40 AD3d 528 [2007]).

Defendant's claim that the trial court erred in admitting evidence of other ''bad acts''—the evidence of her daughter's hospitalization for malnourishment, the instructions given to defendant for proper nourishment of her daughter and defen-

dant's failure to comply with those instructions—could have been raised on her prior appeal from her manslaughter conviction. We need not determine, however, whether this claim is barred by defendant's failure to raise it on her prior appeal (cf. *People v Corley*, 67 NY2d 105, 109 [1986] ["dismissal of defendant's prior appeal for want of prosecution acted as an adjudication on the merits of all claims which could have been litigated had the appeal been timely argued or submitted" (internal quotation marks and citations omitted)]; *People v Sailor*, 65 NY2d 224, 228 [1985] [observing that although "litigation-limiting estoppel principles are applied liberally in civil litigation," those principles "are not so readily applied in criminal litigation"]). This claim is in any event without merit, as the challenged evidence was properly admitted to prove the mens rea element of recklessness. Whether defendant's related claim, alleged failures of the trial court properly to instruct the jury concerning the evidence of the prior "bad acts," relates uniquely or particularly to the conviction for depraved indifference murder also is a matter we need not resolve. This claim is not preserved for review, as defendant voiced no objections at trial to the court's charge on the subject (*People v Bolden*, 1 AD3d 132 [2003], *lv denied* 1 NY3d 595 [2004]), and we decline to review it in the interest of justice. In any event, the claim is without merit.

To the extent defendant is challenging the constitutionality of her sentence to a term of 15 years to life, the minimum sentence authorized by law, that claim is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit.

Finally, the various arguments raised by defendant in her pro se supplemental brief are either waived or unpreserved and we decline to review the unpreserved claims in the interest of justice. Were we to review these claims, we would reject them as well. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Sweeny and McGuire, JJ.