11-111-op
Word v. Lord

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2010

(Submitted:   April 11, 2011          Decided: May 13, 2011)

Docket No. 11-111-op

———————————————

DIANE WORD,

*Petitioner*,

v.

ELAINE LORD, SUPERINTENDENT OF BEDFORD HILLS CORRECTIONAL FACILITY,

*Respondent.*

———————————————

Before:
          KEARSE, MINER, and CHIN, *Circuit Judges*.

———————————————

        Application for an order authorizing the United

States District Court for the Southern District of New York

to consider a successive petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.

        DENIED.

———————————————

DIANE WORD, *pro se*, Bedford Hills
        Correctional Facility, Bedford
        Hills, New York.

ALAN GADLIN, Assistant District Attorney,
        *for* Cyrus R. Vance, Jr., Office of
        the District Attorney, New York
        County, New York, New York, *for*
        *Respondent*.

———————————

PER CURIAM:

    Diane Word, proceeding *pro se*, seeks leave to file

a successive habeas petition pursuant to 28 U.S.C. § 2254.

She contends that New York's appellate courts violated her

due process rights when they denied her application for a

writ of error *coram nobis*.  For the reasons below, we hold

that a § 2254 petition is not a proper vehicle for

challenging deficiencies in a state post-conviction

proceeding, and deny the motion.[1]

—————————————————

[1]    The statutory deadline for a decision under the
Antiterrorism and Effective Death Penalty Act is thirty days.
*See* 28 U.S.C. § 2244(b)(3)(D) (2006).  Because this Court did not
receive the records required for a reasoned decision from the
petitioner until March 16, 2011, the statutory deadline was
presumably April 15, 2011.  *See Galtieri v. United States*, 128
F.3d 33, 37 (2d Cir. 1997), *overruled in part on other grounds by*
*Magwood v. Patterson*, 130 S. Ct. 2788 (2010).  "[W]here an issue
requires a published opinion that cannot reasonably be prepared'"
in that time, however, we may exceed the thirty-day time limit.

-2-

## *BACKGROUND*

Word was convicted after a jury trial in the New York Supreme Court, New York County, of reckless manslaughter and depraved indifference murder -- both in connection with the death of her infant child.[2] She was sentenced to an indeterminate sentence of five to fifteen years' imprisonment for the manslaughter conviction and to an indeterminate sentence of fifteen to years to life for the murder conviction. On appeal, each conviction was affirmed by the Appellate Division. *See People v. Word*, 43 A.D.3d 773 (1st Dep't 2007) (murder conviction), *leave to appeal denied* 9 N.Y.3d 1011 (2007); *People v. Word*, 260 A.D.2d 196 (1st Dep't 1999) (manslaughter conviction), *leave to appeal denied* 93 N.Y.2d 1029 (1999).

---

*Johnson v. United States*, 623 F.3d 41, 43 n.3 (2d Cir. 2010) (quoting *Galtieri*, 128 F.3d at 37).

[2]     The trial court set aside the original jury verdict as to the murder charge, but the Appellate Division reinstated the conviction. *People v. Word*, 260 A.D.2d 196, 196-97 (1st Dep't 1999). A detailed statement of the facts regarding Word's conviction and prior proceedings is set forth in Chief Judge Preska's order of dismissal adopting Magistrate Judge Pitman's Report and Recommendation. *Word v. Lord*, No. 04 Civ. 328 (LAP) (HBP), 2009 WL 4790222 (S.D.N.Y. Dec. 11, 2009).

Word sought, unsuccessfully, a writ of error *coram nobis* from the state in 2001 and 2003.[3]  In October 2009, she applied for a writ of error *coram nobis* a third time. Her *coram nobis* petition alleged that she was denied effective assistance of appellate counsel in her direct appeal when her counsel failed to, *inter alia*, challenge the First Department's decision to deny production of a *Mapp* suppression hearing transcript.  The Appellate Division summarily denied the petition on April 15, 2010, and the New York Court of Appeals denied leave to appeal and denied reconsideration on August 4, 2010 and on January 19, 2011.[4]

At various stages of her direct and post-conviction appeals, Word also sought relief in federal court.  She filed or sought permission to file § 2254 habeas petitions four times in federal court -- in 2000, 2003,

---

[3]    *People v. Word*, 285 A.D.2d 997 (1st Dep't 2001), *leave to appeal dismissed* 96 N.Y.2d 926 (2001); *People v. Word*, 2003 N.Y. App. Div. LEXIS 9965 (1st Dep't Sept. 25, 2003), *leave to appeal dismissed* 100 N.Y.2d 646 (2003).

[4]    *People v. Word*, No. M-5308, 2010 N.Y. App. Div. LEXIS 10051 (1st Dep't Apr. 15, 2010), *leave to appeal denied* 908 N.Y.S.2d 171 (2010), *reconsideration denied* 917 N.Y.S.2d 628 (2011).

2004, and 2008.  In her first habeas petition, Word directly challenged her convictions, alleging ineffective assistance of trial and appellate counsel.  The Southern District of New York dismissed the petition because Word failed to exhaust her claims and -- reaching the merits -- found them "almost frivolous" and without merit.  *Word v. Lord*, No. 00 Civ. 5510 (LAP)(HBP), 2002 U.S. Dist. LEXIS 19923, at *8-*9 (S.D.N.Y. Mar. 18, 2002).

In January 2004, Word sought leave to file a successive § 2254 petition.  This Court denied her motion with respect to most of her constitutional claims because they failed to meet the gatekeeping requirements for successive petitions under 28 U.S.C. § 2244(b)(2), but granted her motion with respect to her claim that the New York Court of Appeals' denial of her 2003 *coram nobis* petition deprived her of due process.  We reasoned, then, that "because this claim did not exist at the time her original habeas petition was filed," it was not a "successive" claim.  *Word v. Lord*, No. 04-538-op (2d Cir. Sept. 23, 2004).  The district court, adopting Magistrate

Judge Pitman's report and recommendation in its entirety, denied Word's due process claim because her challenge concerned only state post-conviction proceedings and therefore was not subject to federal habeas review. *Word v. Lord*, No. 04 Civ. 328 (LAP) (HBP), 2009 WL 4790222, at *5-7 (S.D.N.Y. Dec. 11, 2009).

Word filed the present motion for leave to file a successive habeas petition on February 7, 2011. The petition would challenge the state courts' denials, in 2010 and 2011, of her third *coram nobis* petition.

### DISCUSSION

Word contends that the most recent denials of her *coram nobis* petition constitute "newly discovered evidence" that a federal court may review in a successive § 2254 habeas petition. *See* 28 U.S.C. § 2244(b)(2) (2006) (authorizing review of new claims in a second or successive § 2254 petition only if they rest on a new rule of constitutional law or newly discovered evidence). She argues that the state appellate courts "arbitrarily and capr[ic]iously denied corrective procedure and provide[] no

-6-

corrective procedure to redress [alleged constitutional errors in her conviction]."  Pet'r's Mot. at 3.  We deny Word's application because her new petition, which purports to assert a due process challenge to New York's collateral post-conviction proceedings, does not state a claim that is cognizable under federal habeas review.

Section 2254 authorizes a federal court to grant a writ only where a state holds a petitioner in its custody in violation of "the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (2006).  See also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Howard v. Walker*, 406 F.3d 114, 121 (2d Cir. 2005).  As the Supreme Court has recognized, the Constitution does not compel states to provide post-conviction proceedings for relief. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)).  A majority of our sister Circuits have accordingly concluded that errors in state post-conviction proceedings do not provide a basis for redress under § 2254.  *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir.), *cert.*

*denied*, 129 S. Ct. 162 (2008); *Bell-Bey v. Roper*, 499 F.3d

752, 756 (8th Cir. 2007), *cert. denied*, 553 U.S. 1035

(2008); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir.

2004), *cert. denied*, 544 U.S. 1063 (2005); *Trevino v.*

*Johnson*, 168 F.3d 173, 180 (5th Cir.), *cert. denied*, 527

U.S. 1056 (1999); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th

Cir.), *cert. denied*, 595 U.S. 1024 (1998); *Ortiz v. Stewart*,

149 F.3d 923, 939 (9th Cir. 1998), *cert. denied*, 526 U.S.

1123 (1999); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th

Cir. 1987) (per curiam); *Kirby v. Dutton*, 794 F.2d 245, 247

(6th Cir. 1986).[5]

We agree, and hold that alleged errors in a post-

conviction proceeding are not grounds for § 2254 review

---

[5] The First and Seventh Circuits have rejected a *per se* rule that federal habeas review does not extend to claims arising from state post-conviction proceedings. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir.) (per curiam) (noting that errors in state collateral review are not viable claims for federal habeas corpus relief "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause" (citing *Lane v. Brown*, 372 U.S. 477, 484-85 (1963))), *cert. denied*, 519 U.S. 907 (1996); *Dickerson v. Walsh*, 750 F.2d 150, 150-53 (1st Cir. 1984) (adjudicating capital defendant's Equal Protection claim because "[t]he fact that a petitioner's underlying claim can only be addressed in state court does not give a state the license to administer its laws in an unconstitutional fashion.").

because federal law does not require states to provide a post-conviction mechanism for seeking relief. Word's claim of a procedural right to a state post-conviction proceeding does not implicate federal law. *See Lawrence*, 517 F.3d at 716-17 (holding that petitioner's due process claims regarding state post-conviction proceeding are not cognizable under § 2254); *cf. Bell-Bey*, 499 F.3d at 756 (holding that petitioner's claim that state applied wrong legal standard in post-conviction proceeding is not constitutional error cognizable under § 2254).

Because petitioner does not raise a claim cognizable under § 2254 habeas review, we conclude that she is not entitled to habeas relief.

### *CONCLUSION*

Accordingly, Word's motion for leave to file a successive petition is DENIED.