In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 15-1594

CESAR FLORES-RAMIREZ,

*Petitioner-Appellant*,

*v.*

BRIAN FOSTER,

*Respondent-Appellee*.

---

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 14-cv-344-JPS — J.P. Stadtmueller, *Judge*.

---

SUBMITTED JUNE 22, 2015 — DECIDED JANUARY 22, 2016

---

Before FLAUM and RIPPLE, *Circuit Judges*.

PER CURIAM. A Wisconsin jury convicted Cesar Flores-Ramirez of first-degree intentional homicide in 2003. In 2014, Mr. Flores-Ramirez filed his second petition for federal habeas relief, which the district court denied. Because we conclude that Mr. Flores-Ramirez has not made a substantial

showing of the denial of a constitutional right, *see* 28 U.S.C.
§ 2253(c), we deny a certificate of appealability.


I.

In 2006, Mr. Flores-Ramirez filed his first petition for a
writ of habeas corpus, 28 U.S.C. § 2254. It was denied, *Flores-*
*Ramirez v. Pollard*, No. 06-cv-56 (E.D. Wis. Jan. 24, 2007), and
this court decided not to issue a certificate of appealability,
*Flores-Ramirez v. Pollard*, No. 07-1868 (7th Cir. 2007).

Since then, Mr. Flores-Ramirez discovered that his inter-
preter at trial has failed certification tests and has been de-
clared ineligible for state compensation for his services.
Mr. Flores-Ramirez filed a motion for state postconviction
relief raising the issue. After a hearing, the state trial court
denied the motion. On appeal, he "contend[ed] that the
hearing on his motion was flawed because the circuit court
failed to execute a subpoena or obtain the telephonic testi-
mony of appellate counsel and an expert witness on the
translator certification process."[1] The state appellate court
affirmed the denial of relief. The appellate court explained
that "[c]ontrary to [Mr.] Flores-Ramirez's unsupported as-
sertions that prejudice can be assumed on each of his alleged
errors, it is well established that most constitutional errors,
including due process violations, are subject to the harmless
error test."[2] Moreover, Mr. Flores-Ramirez had failed to de-
velop a factual or legal basis that he had been prejudiced by
the state postconviction court's actions.

---

[1] R.1-1 at 61.

[2] *Id.*

Mr. Flores-Ramirez then returned to the district court with a second habeas corpus petition.[3] The petition presented three claims: (1) the interpreter at trial was incompetent; (2) Mr. Flores-Ramirez's trial and appellate counsel were constitutionally ineffective because they failed to object to the interpreter; and (3) he did not receive a fair hearing on his postconviction petition.

Upon receiving the petition, the district court noted that Mr. Flores-Ramirez previously had filed a petition for habeas corpus. Consequently, it had to determine whether his current petition was a "second or successive" petition and, therefore, subject to the limitations of 28 U.S.C. § 2244(b)(2). The court believed that Mr. Flores-Ramirez's first two claims fell within the scope of that provision because their factual predicate—the interpreter's lack of certification—"existed at the time he filed his prior petition."[4]

Mr. Flores-Ramirez's third claim, however, focused on procedural shortcomings during the hearing on his state postconviction petition. As that hearing had not taken place when Mr. Flores-Ramirez filed his first habeas petition, the claim was not ripe at the time of the first petition and, therefore, could not be considered a "second or successive" petition under § 2244(b)(2).[5] Because Mr. Flores-Ramirez's petition raised one claim that could not have been presented in the initial habeas petition, the court requested an answer from the respondent to the petition "detailing its position on

---

[3] *Flores-Ramirez v. Foster*, No. 14-cv-344-JPS (E.D. Wis.).

[4] R.6 at 3.

[5] *See id.* at 4 (citing *United States v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013)).

whether the Court may address all, a part, or none of the petition."[6] It also asked the respondent to address any additional issues, such as "timeliness, exhaustion, or default," that the court should consider on its initial screening of the petition.[7]

In his brief, the respondent agreed with the court that Mr. Flores-Ramirez's first two claims "qualif[ied] as [] second or successive."[8] Mr. Flores-Ramirez's third claim, the respondent explained, had been procedurally defaulted: When the Wisconsin Court of Appeals rejected Mr. Flores-Ramirez's argument that the hearing on his postconviction motion violated due process, it did so on the ground that Mr. Flores-Ramirez had not developed any coherent arguments as to how the alleged shortcomings in the hearing resulted in prejudice.

The district court then issued an order in which it determined that Mr. Flores-Ramirez's first two claims were "barred as successive."[9] It also agreed with the respondent that Mr. Flores-Ramirez's third claim had been procedurally defaulted. The court therefore invited Mr. Flores-Ramirez to address whether his procedural default could be excused on some ground. After receiving the parties' submissions on this issue, the court concluded that Mr. Flores-Ramirez had not established cause and prejudice, nor had he established that any shortcoming in his state postconviction hearing

---

[6] *Id.* at 5.

[7] *Id.*

[8] R.13 at 4.

[9] R.14 at 1.

constituted a fundamental miscarriage of justice. Consequently, the court denied Mr. Flores-Ramirez's petition for habeas relief, denied him a certificate of appealability, and ordered that the action be dismissed with prejudice.

Mr. Flores-Ramirez appealed.

II.

We construe Mr. Flores-Ramirez's notice of appeal as a request for a certificate of appealability. *See* Fed. R. App. P. 22(b)(2). We will issue a certificate only upon the applicant's substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court, as here, has denied habeas claims on procedural grounds, we will grant a certificate of appealability only if the prisoner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We turn first to the district court's disposition of Mr. Flores-Ramirez's first two claims. "[T]he Supreme Court has held repeatedly that not every petition 'filed second or successively in time' to a prior petition counts as 'second or successive.'" *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013). Specifically, in *Panetti v. Quarterman*, 551 U.S. 930 (2007), the Court addressed a situation where "a death row inmate who previously had filed a federal habeas corpus petition raising various issues about his trial and sentence sought to bring a second petition in which he asserted that he was mentally incompetent and thus could not be execut-

ed under *Ford v. Wainwright*, 477 U.S. 399 (1986)." *Obeid*, 707 F.3d at 901–02 (parallel citations omitted). The Court held that "a petition raising a previously unripe *Ford* claim is not second or successive to a prior petition and thus does not fall within the purview of Section 2244(b)." *Id.* As one of our sister circuits explained, a *Ford* claim, which turns on "the mental state of the petitioner at the time of execution" is never "ripe at the time of the first petition because … the execution is years away." *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1260 (11th Cir. 2009). It was not because "evidence of an existing or past fact had not been uncovered at that time." *Id.*

Consequently, when discerning whether a second-in-time petition is successive, courts must be

> careful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as "second or successive."

*Obeid*, 707 F.3d at 902.

Turning to Mr. Flores-Ramirez's claims that center on the interpreter, the factual predicates for these claims—that the interpreter was incompetent and that his attorney should have objected—existed and were discoverable at the time of his first petition. Mr. Flores-Ramirez simply has an excuse

for why he failed to raise the issue. Consequently, Mr. Flores-Ramirez's first and second claims are successive.

Mr. Flores-Ramirez has not argued, nor can he establish, that these claims meet the stringent requirements for entertaining successive petitions under 28 U.S.C. § 2244(b)(2)(B)(ii), namely that "the facts underlying the claim … would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Because reasonable jurists could not disagree that Mr. Flores-Ramirez's first and second claims are successive and that they do not meet the requirements of § 2244(b)(2)(B)(ii), we decline to issue a certificate of appealability with respect to either of those claims.

We turn then to Mr. Flores-Ramirez's third claim—that he did not receive a fair hearing on his postconviction motion. Specifically, Mr. Flores-Ramirez complains that the court failed to subpoena his appellate counsel or the interpreter and failed to engage an expert witness on the interpreter-certification process.

The district court was correct that Mr. Flores-Ramirez's complaint about his postconviction proceedings was unripe at the time of his first petition because those proceedings had not yet occurred. *See Obeid*, 707 F.3d at 902. Consequently, the third claim does not constitute a "second or successive" petition for purposes of § 2244, and our review is not barred by that provision.

The district court concluded, however, that Mr. Flores-Ramirez's third claim had been procedurally defaulted and denied the petition on this basis. We agree with the district

court's ultimate disposition, but on a different ground: Mr. Flores-Ramirez's petition fails to state a basis for relief under § 2254. It is well established that the Constitution does not guarantee any postconviction process, much less specific rights during a postconviction hearing. *See Murray v. Giarratano*, 492 U.S. 1, 10 (1989) ("State collateral proceedings are not constitutionally required as an adjunct to the state criminal proceedings … ."). Although a majority of the courts of appeals have concluded "that errors in state post-conviction proceedings do not provide a basis for redress under § 2254," *Word v. Lord*, 648 F.3d 129, 131 (2d Cir. 2011) (collecting cases), we have not adopted this per se rule. Instead, we have held that "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, errors in state collateral review cannot form the basis for federal habeas corpus relief." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) (citations omitted). In *Montgomery*, we cited as an example *Lane v. Brown*, 372 U.S. 477, 484–85 (1963), in which the Court held that, when a state prisoner is denied access to a state postconviction proceeding on the basis of indigency alone, the Equal Protection Clause is violated. Mr. Flores-Ramirez has not alleged that he was denied access to postconviction proceedings on the basis of his indigency, nor has he alleged the violation of some other, independent constitutional right in the way the State administers its postconviction proceedings. Consequently, he has not stated a claim cognizable under § 2254.

Mr. Flores-Ramirez has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Accordingly, we DENY a certificate of appealability. Mr. Flores-Ramirez's motions for the appointment of counsel and to proceed in forma pauperis also are DENIED.